**HOGAN & HARTSON**

Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
+1.212.918.3000 Tel
+1 212.918.3100 Fax

www.hhlaw.com

August 17, 2007

Slade R. Metcalf
Partner
(212) 918-3637
srmetcalf@hhlaw.com



*By Hand Delivery*

The Honorable Loretta A. Preska
United States District Judge
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007-1312

Re:   *Cedeno v. 20th Century Film Corp., et. al,* 07 CIV 7251 (LAP)

Dear Judge Preska:

We represent defendant Twentieth Century Fox Film Corporation ("Fox"), in the above-referenced action. We write to request a pre-motion conference (pursuant to this Court's rules) regarding Fox's proposed motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

By way of background, on July 2, 2007, Plaintiff Felix Cedeno ("Plaintiff") filed his complaint (the "Complaint") in the Supreme Court of the State of New York, County of Bronx. On August 14, 2007, Fox removed this action to this Court based on the complete diversity of the citizenship of the parties and asked that this matter be assigned to Your Honor. To my knowledge, named-defendants Larry Charles and One America Productions, Inc. have not been served and, therefore, would not be parties to the proposed motion.

Plaintiff asserts two causes of action against Fox in the Complaint: the first is for a violation of New York Civil Rights Law §§ 50 and 51 and the second is a totally unclear claim which may only seek punitive damages. A copy of the Complaint accompanies this letter. Both of Plaintiff's claims stem from his alleged appearance in the movie, *Borat Cultural Learnings of America for Make Benefit Glorious Nation of Kazakhstan* (the "Film"), which was distributed by Fox. But Plaintiff's Complaint is so vague that Fox is unable to adequately respond to it. Therefore, Fox respectfully requests that it be permitted to file a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

NY 10727 100003 1051204 v1

The Honorable Loretta A. Preska
August 17, 2007
Page 2

Fed. R. Civ. P. 12(e) provides in pertinent part that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A motion for a more definite statement should be granted when the complaint is "so vague and ambiguous that the opposing party can not respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." *Pelman ex rel. Pelman v McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (internal quotation omitted).

Here, Fox cannot reasonably respond to the Complaint because Plaintiff has failed to identify who he is or how or where his image is allegedly used in the Film. Indeed, the Complaint is silent as to what Plaintiff looks like, where he appears in the Film or for how long his image appears on screen. In fact, all that Fox knows about Plaintiff is that he lives in New York City. As such, despite the fact that Fox may potentially have a strong argument that Plaintiff cannot maintain a § 51 claim because the use of his likeness in the Film is incidental or fleeting, Fox cannot meaningfully respond to the Complaint until it knows more information about the Plaintiff's appearance in the Film. Moreover, Plaintiff's second cause of action is completely unintelligible. Fox is unable to discern if Plaintiff is attempting to assert a cause of action for common law invasion of privacy or a separate cause of action for punitive damages, neither of which exists under New York law. Without some clarification, Fox is unable to determine how to respond to either claim.

For these reasons, Fox respectfully requests a pre-motion conference to request permission to move this Court to compel Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(e). Based on Fed. R. Civ. P. 81(c), Fox has until August 21, 2007 to respond to the complaint by answer, motion, or otherwise. Fox respectfully requests that its deadline to comply with Rule 81(c) be extended until at least this Court has ruled on Fox's request for a pre-motion conference.

Thank you for your consideration,

Respectfully submitted,

Slade R. Metcalf

cc: Brian J. Daly, Esq. (via facsimile)

*[Handwritten order:]* ① Plaintiff shall respond to the above by letter promptly. ② Defendants' time to respond to the Complaint is extended sine die pending further order of the Court.

SO ORDERED
Loretta A. Preska
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

August 20, 2007

NY 02779/000003 - 1052894 v1