Slade R. Metcalf (SM 8360)
Jason P. Conti (JC 0581)
Hogan & Hartson LLP
875 Third Avenue
New York, NY  10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
*Attorneys for Defendant Twentieth Century Fox
Film Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

| | |
|---|---|
| FELIX CEDENO | : |
| | : |
| Plaintiff, | : Case No.: 07 CIV 7251 (LAP) |
| | : |
| v. | : |
| | : |
| 20TH CENTURY FOX FILM CORP., | : |
| ONE AMERICA PRODUCTIONS INC. | : |
| AND LARRY CHARLES | : |
| | : |
| Defendants. | : |
| | : |

------------------------------------------------------------------------X

### DECLARATION OF SLADE R. METCALF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION

I, **SLADE R. METCALF**, declare as follows:

1. I am a partner in the law firm of Hogan & Hartson LLP, counsel for defendant Twentieth Century Fox Film Corporation (incorrectly sued herein as "20th Century Fox Film Corp.") ("Fox").  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.  I submit this Declaration in support of Fox's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

2. On July 2, 2007, Plaintiff Felix Cedeno ("Plaintiff") filed a Summons and Verified Complaint (the "Initial Complaint") in the Supreme Court of the State of New York,

County of Bronx. The Initial Complaint asserted a claim under New York Civil Rights Law § 51 and a claim for punitive damages stemming from Plaintiff's alleged appearance in a brief sequence of the film *Borat – Cultural Learnings of America for Make Benefit Glorious Nation of Kazakhstan* (the "Film").

3.  The Summons and Initial Complaint were served on Fox by personal service on July 25, 2007.

4.  On August 14, 2007, Fox removed this action to this Court based on the complete diversity of the citizenship of the parties. Fox requested that the case be assigned to the Honorable Loretta A. Preska because two other cases involving the Film, *Todorache*, *et ano. v. Twentieth Century Fox Film Corporation*, *et al.*, Case No. 06 Civ. 13369 (LAP), and *Lemerond v. Twentieth Century Fox Film Corp.*, Case No. 07 CIV 4635 (LAP), were already before Judge Preska, and all three cases contain the same cause of action under New York Civil Rights Law § 51. The case was accepted by this Court as related on August 20, 2007.

5.  In a letter to the Court dated August 17, 2007, counsel for Fox requested this Court set a pre-motion conference so that Fox could make a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Fox noted in its request that a more definite statement was necessary because the Initial Complaint did not adequately identify Plaintiff, and therefore it was impossible to respond to the Initial Complaint.

6.  On August 20, 2007, this Court ordered that Plaintiff respond to Fox's letter promptly, and also ruled that Fox's time to respond to the Initial Complaint was extended *sine die* pending a further order from the Court.

7.  Because counsel for Plaintiff thereafter agreed to amend the Initial Complaint to more adequately identify Plaintiff, counsel for Fox sent a letter to this Court dated September 14,

2

2007 withdrawing its request for a pre-motion conference. That request was so ordered by this Court on September 18, 2007.

8.      Pursuant to a request from Plaintiff's counsel, on September 21, 2007, counsel for Fox accepted electronic service of Plaintiff's Amended Complaint (the "Complaint"). A true and correct copy of the Complaint is annexed hereto as Exhibit A. Counsel for both parties agreed to extend the time for Fox to respond to the Complaint until October 12, 2007, and the Honorable P. Kevin Castel of this Court so ordered that extension on October 5, 2007. The Complaint now contains one cause of action under New York Civil Rights Law § 51, and seeks $250,000 in compensatory damages and $2 million dollars in punitive damages.

9.      In the Complaint, Plaintiff complains of a brief sequence (the "Sequence") contained in the Film in which Borat Sagdiyev (the primary character in the Film) is riding in a New York City subway car with a suitcase. During the Sequence, the suitcase opens, and a live chicken jumps out and runs rampant in the subway car. Plaintiff claims he appears in the Film during one frame of the Sequence wearing a white tee shirt. For the convenience of the Court, annexed hereto as Exhibit B is an excerpt from the Sequence of just the portion of the Film showing Borat chasing the chicken on the subway, with a red arrow pointing at Plaintiff. That excerpt was taken from the Sequence and placed on the DVD marked as Exhibit B at my office's direction.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct and that this Declaration was executed in New York, New York on October 12, 2007.

                                                    s/ Slade R. Metcalf  
                                                    **SLADE R. METCALF**

\\\NY - 027721/000003 - 1058050 v1