Slade R. Metcalf (SM 8360)
Jason P. Conti (JC 0581)
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
*Attorneys for Defendant Twentieth Century Fox*
*Film Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

| | |
|---|---|
| FELIX CEDENO | : |
| | : |
| Plaintiff, | : Case No.: 07 CIV 7251 (LAP) |
| | : |
| v. | : |
| | : |
| 20TH CENTURY FOX FILM CORP., | : |
| ONE AMERICA PRODUCTIONS INC. | : |
| AND LARRY CHARLES | : |
| | : |
| Defendants. | : |
| | : |

-----------------------------------------------------------------------X

**MEMORANDUM OF LAW OF TWENTIETH CENTURY
FOX FILM CORPORATION IN SUPPORT OF ITS
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 1

    A.  The Parties ............................................................................................................ 1

    B.  The Complaint ...................................................................................................... 2

    C.  The Film And The Sequence ................................................................................ 3

ARGUMENT ........................................................................................................................ 5

PLAINTIFF'S ONE SECOND APPEARANCE IN THE FILM IS
INCIDENTAL AND THEREFORE CANNOT FORM THE BASIS FOR A
CLAIM UNDER SECTION 51 ............................................................................................ 5

    A.  The Standard On A Motion To Dismiss .............................................................. 5

    B.  Plaintiff's Claim Must Fail Because Any Use Of Plaintiff's Image
        Is Incidental And Therefore Not Actionable ....................................................... 6

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

Page

**Federal Cases**

*Arnold v. ABC, Inc.*,
    No. 06 Civ. 1747(GBD), 2007 WL 210330 (S.D.N.Y. Jan. 29, 2007)..................................3

*Bose Corp. v. Consumers Union of United States, Inc.*,
    466 U.S. 485 (1984)..............................................................................................................5

*Cerasani v. Sony Corp.*,
    991 F. Supp. 343 (S.D.N.Y. 1998).......................................................................................5

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002).................................................................................................3

*Church of Scientology, Int'l v. Time Warner, Inc.*,
    903 F. Supp. 637 (S.D.N.Y. 1995),
    *aff'd*, *Church of Scientology, Int'l v. Behar*, 238 F.3d 168 (2d Cir.),
    *cert. denied*, 534 U.S. 814 (2001)........................................................................................5

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991),
    *cert. denied*, 503 U.S. 960 (1992).......................................................................................3

*D'Andrea v. Rafla-Demetrious*,
    972 F. Supp. 154 (E.D.N.Y. 1997),
    *aff'd*, 146 F.3d 63 (2d Cir. 1998).........................................................................................9

*Hurwitz v. United States*,
    884 F.2d 684 (2d Cir. 1989),
    *cert. denied*, 493 U.S. 1056 (1990).....................................................................................7

*Ladany v. William Morrow & Co.*,
    465 F. Supp. 870 (S.D.N.Y. 1978).......................................................................................9

*Man v. Warner Bros. Inc.*,
    317 F. Supp. 50 (S.D.N.Y. 1970).................................................................................8, 10

*Meeropol v. Nizer*,
    381 F. Supp. 29 (S.D.N.Y. 1974),
    *aff'd on other grounds*, 560 F.2d 1061 (2d Cir. 1977) ........................................................9

*Netzer v. Continuity Graphic Assocs., Inc.*,
    963 F. Supp. 1308 (S.D.N.Y. 1997)....................................................................................8

\\\NY - 027721/000003 - 1058051 v1

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964)...................................................................................................................5

*Oliver v. The Village Voice, Inc.*,
   417 F. Supp. 235 (S.D.N.Y. 1976)...............................................................................................6

*Preston v. Martin Bregman Prods., Inc.*,
   765 F. Supp. 116 (S.D.N.Y. 1991)....................................................................................7, 8, 10

*Shaw v. Rizzoli Int'l Publ'ns, Inc.*,
   No. 96 CIV. 4259 JGK, 1999 WL 160084 (S.D.N.Y. Mar. 23, 1999)........................................9

*Yurman Design Inc. v. Chaindom Enters., Inc.*,
   No. 99 Civ. 9307 (JFK), 2000 WL 897141 (S.D.N.Y. July 5, 2000) .........................................5

*Zerman v. Sullivan & Cromwell*,
   677 F. Supp. 1316 (S.D.N.Y. 1988).............................................................................................5

**State Cases**

*De Gregorio v. CBS, Inc.*,
   123 Misc. 2d 491, 473 N.Y.S.2d 922 (Sup. Ct. N.Y. Co. 1984) ...............................................10

*Delan v. CBS, Inc.*,
   91 A.D.2d 255, 458 N.Y.S.2d 608 (2d Dep't 1983)....................................................................8

*Finger v. Omni Publ'ns Int'l*,
   77 N.Y.2d 138, 564 N.Y.S.2d 1014 (1990) .................................................................................6

*Glickman v. Stern*,
   19 Med. L. Rptr. 1769 (Sup. Ct. N.Y. Co. Oct. 15, 1991),
   *aff'd*, 188 A.D.2d 387, 592 N.Y.S.2d 581 (1st Dep't 1992).......................................................10

*Howell v. New York Post Co.*,
   81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ...................................................................................7

*Marks v. Elephant Walk, Inc.*,
   156 A.D.2d 432, 548 N.Y.S.2d 549 (2d Dep't 1989)..................................................................9

*Marquette v. Warner Brothers Inc.*,
   16 Med. L. Rptr. 1957 (Sup. Ct. N.Y. Co. July 6, 1989).........................................................7, 8

*Messenger v. Gruner + Jahr Printing and Publ'g*,
   94 N.Y.2d 436, 706 N.Y.S.2d 52 (2000) ...............................................................................7, 11

*Stillman v. Paramount Pictures Corp.*,
    2 A.D.2d 18, 153 N.Y.S.2d 190 (1st Dep't 1956) ...................................................................9

*University of Notre Dame Du Lac v. Twentieth Century Fox Film Corp.*,
    22 A.D.2d 452, 256 N.Y.S.2d 301 (1st Dep't 1965) ............................................................7, 9

**Federal Statutes/Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1, 5

Fed. R. Civ. P. 12(e) ..........................................................................................................................2

Fed. R. Civ. P. 56..............................................................................................................................1

**State Statutes**

N.Y. Civ. Rights Law § 50 .........................................................................................................6, 7

N.Y. Civ. Rights Law § 51 ..................................................................................................... passim

Defendant Twentieth Century Fox Film Corporation (incorrectly sued herein as "20th Century Fox Film Corp.") ("Fox" or "Defendant"), by its undersigned attorneys, respectfully submits this memorandum of law in support of its motion to dismiss the complaint of plaintiff Felix Cedeno ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1]

### Preliminary Statement

Plaintiff alleges in his Complaint that he was portrayed wearing a white tee shirt on a subway car in the motion picture *Borat – Cultural Learnings of America for Make Benefit Glorious Nation of Kazakhstan* (the "Film").[2] If so, Plaintiff appears as only one out of many riders filmed in public on a crowded New York City subway car; in fact, Plaintiff only appears on the screen for a mere second out of an almost 90 minute film. Plaintiff bases his claim on New York's misappropriation statute. However, courts in New York interpreting this statute have made it crystal clear over the past century: a plaintiff has no claim under the New York statute if his picture appears in only an incidental or fleeting manner in the underlying movie, television program, or book. As such, this Court should grant Fox's motion to dismiss.

### Factual Background

**A.   The Parties**

Plaintiff Felix Cedeno ("Plaintiff") is, according to his complaint, a resident of the State of New York, County of the Bronx. Metcalf Decl., Ex. A, Complaint ¶ 5.

---

[1] The facts necessary for the determination of this motion are set forth in the accompanying declarations of Bonnie I. Bogin ("Bogin Decl."), sworn to the 11th day of October, 2007, and of Slade R. Metcalf, ("Metcalf Decl."), sworn to the 12th day of October, 2007, and the exhibits annexed thereto. The facts set forth in these declarations will not transform this Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. (*See* footnote 4, *infra*.)

[2] For the purposes of this motion, based on the allegations in the Complaint, Fox assumes that this individual in the Film is the Plaintiff who commenced this lawsuit.

Defendant Fox is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in California. Bogin Decl. ¶ 2.[3]

**B.   The Complaint**

On July 2, 2007, Plaintiff filed a Summons and Verified Complaint (the "Initial Complaint") in the Supreme Court of the State of New York, County of Bronx. Metcalf Decl. at ¶ 2. After Fox was served with the Initial Complaint via personal service on July 25, 2007, Fox removed this action to this Court on August 14, 2007 based on the complete diversity of the citizenship of the parties. *Id.* ¶¶ 3-4. After the removal to this Court, Fox requested a pre-motion conference with the Court in order to allow Fox to make a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) because Plaintiff was not sufficiently identified in the Initial Complaint. *Id.* ¶ 5. In response to Fox's request, Plaintiff agreed to file an amended complaint. *Id.* ¶ 7. On September 21, 2007, counsel for Fox accepted service of Plaintiff's amended complaint (the "Complaint") on behalf of Fox. *Id.* ¶ 8 (A true and correct copy of the Complaint is annexed to the Metcalf Decl. as Exhibit A.)

The Complaint stems from Plaintiff's alleged appearance in the Film. The Complaint claims that the Film contains "live images of the plaintiff which were filmed on the Lexington Avenue New York City subway in which the plaintiff, wearing a white tee shirt, occupies the entire frame of the film, at approximately 7 minutes and 58 seconds into the film, while his image and his reaction to the release of a rooster is captured on film." Complaint ¶ 11. Plaintiff asserts one cause of action in the Complaint, claiming that this alleged appearance in the Film is a violation of New York Civil Rights Law § 51 ("Section 51"). *Id.* ¶ 12. The Complaint seeks $250,000 in compensatory damages and $2 million dollars in punitive damages. *Id.*

---

[3]   Although named as defendants, One America Productions, Inc. and Larry Charles have not been served in this action. Bogin Decl. ¶ 6.

C.    **The Film And The Sequence**

The Film, which was distributed by Fox, was first released in theaters in the United States on or about November 3, 2006, and was released on DVD in the United States on March 6, 2007. Bogin Decl. ¶ 5. (A true and correct copy of the Film on DVD is included as Exhibit A to the Bogin Decl.)[4] The Film tells the fictional story of Borat Sagdiyev ("Borat"), a Kazakh TV personality dispatched to the United States by the Kazakhstan Ministry of Information to report on the American people. Comedian and actor Sacha Baron Cohen ("Cohen") created and plays Borat.

In the Film, Borat travels across America with his friend and producer, Azamat Bagatov. *Id.* Ex. A. During this journey, Borat encounters a host of individuals, from colorful New Yorkers to an earnest driving school instructor to spirited rodeo revelers. *Id.* Throughout the Film, Cohen utilizes wide-ranging antics from fish-out-of-water buffoonery, to eccentric and prejudicial commentary, to evoke reactions from the Americans Borat encounters. *See id.* Given that the primary focus in the Film is Borat's interactions with Americans of all stripes, the Film

---

[4] The inclusion of a DVD copy of the Film (and of the sequence in the Film in which Plaintiff allegedly appears (the "Sequence")) does not convert this motion to dismiss to one for summary judgment because these items are integral to Plaintiff's claims. *See, e.g.*, *Arnold v. ABC, Inc.*, No. 06 Civ. 1747(GBD), 2007 WL 210330, at *1, n.2 (S.D.N.Y. Jan. 29, 2007) (noting that "The court may, however, consider a document [in conjunction with a motion to dismiss] if the plaintiff 'relies heavily upon its terms and effect,' rendering 'the document 'integral' to the complaint'") (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (allowing reliance on documents in support of motion to dismiss because they were "integral" to complaint), *cert. denied*, 503 U.S. 960 (1992). In *Arnold*, a trademark infringement action, the court did not convert the motion to dismiss, noting that "plaintiff not only relies *heavily* on the content" of the submitted documents (which included an advertisement and website materials), "she relies *entirely* on this material in crafting her allegations." *Arnold*, 2007 WL 210330, at *1, n.2 (emphasis in original). Similarly, here, because Plaintiff relies entirely on the Film in order to bring this action—basing his only cause of action on his alleged appearance therein—submission of the Film on DVD, and any sequences contained therein, does not require this Court to convert this motion to one for summary judgment. *See generally* Complaint.

3

necessarily contains the images of hundreds of individuals. *See id.*

Plaintiff alleges that he appears during a subway sequence contained in the Film (the "Sequence"). (A true and correct copy of the Sequence on DVD, which is the same as it appeared in the Film, is annexed to the Bogin Decl. as Exhibit B.)[5] The Sequence, which appears towards the beginning of the Film, depicts Borat interacting with various individuals filmed in public on the New York City subway. Bogin Decl. Exs. A and B. Plaintiff's entire appearance in the Film—contained within the Sequence on the subway—lasts approximately one second. *Id.* Ex. B.

In the Sequence, Borat is shown getting into a New York City subway car with a large suitcase. *Id.* Ex. B. Borat greets several New Yorkers on the subway during the Sequence, attempting to kiss several men on the cheek. *Id.* Following Borat's attempt to make friends, he gets up from his seat on the subway car and picks up his suitcase. The suitcase then falls open, and a live chicken jumps out of the luggage. *Id.* The chicken proceeds to run and fly all over the subway car. During the Sequence, Borat is in hot pursuit of the chicken, causing dozens of riders to react to the unfolding mayhem. In the middle of the chicken scene, one subway rider—Plaintiff here—is depicted on screen wearing a white shirt. Bogin Decl. Ex. B. Plaintiff is shown on screen for approximately one second. Plaintiff does not speak during this one-second appearance and he is never identified by name. Further, Plaintiff's only reaction to the chicken is

---

[5] The Complaint states that Plaintiff's image appears 7 minutes and 58 seconds into the Film. While each DVD counter might be slightly different, resulting in a difference of a few seconds, there is only one individual in the Sequence who meets Plaintiff's description in the Complaint: a man wearing a white tee shirt who occupies the entire frame. That individual—who has a shaved head—is shown seated in the subway car looking to his left. This individual appears at approximately 1 minute and 7 seconds into the Sequence. Bogin Decl. Ex. B. For the convenience of the Court, annexed as Exhibit B to the Metcalf Decl. is an excerpt from the Sequence of just the portion of the Film showing Borat chasing the chicken on the subway, with a red arrow pointing at Plaintiff.

4

to move slightly to his left during the one second he is on camera. Borat does not directly interact with Plaintiff in any way, and other than this one appearance, Plaintiff is not depicted again in the remainder of the Film. *See id.* Exs. A, B.

## ARGUMENT

**PLAINTIFF'S ONE SECOND APPEARANCE IN THE FILM IS INCIDENTAL AND THEREFORE CANNOT FORM THE BASIS FOR A CLAIM UNDER SECTION 51**

### A.    The Standard On A Motion To Dismiss

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, a court "must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 350, 357 (S.D.N.Y. 1998) (dismissing Section 51 claim on motion to dismiss); *see Zerman v. Sullivan & Cromwell*, 677 F. Supp. 1316, 1323 (S.D.N.Y. 1988) (granting defendants' motion to dismiss "invasion of privacy" claim, which court analyzed under § 51). To survive a motion to dismiss, "the complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." *Yurman Design Inc. v. Chaindom Enters., Inc.*, No. 99 Civ. 9307 (JFK), 2000 WL 897141, at *4 (S.D.N.Y. July 5, 2000).

In addition, because this case unquestionably implicates Fox's First Amendment right to communicate an expressive message, this Court must "consider this case against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks." *Church of Scientology, Int'l v. Time Warner, Inc.*, 903 F. Supp. 637, 640-41 (S.D.N.Y. 1995), *aff'd*, *Church of Scientology, Int'l v. Behar*, 238 F.3d 168 (2d Cir.), *cert. denied*, 534 U.S. 814 (2001), *quoting*, *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). *See also Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485,

5

511 (1984) (judges "must exercise [ ] review in order to preserve the precious liberties established and ordained in the Constitution."). In particular, when weighing the viability of Plaintiff's claim based on his one-second appearance in a full-length motion picture, this Court should be sensitive to the chilling effect that prolonged litigation might have on Fox's ability to exercise its free speech rights. *Oliver v. The Village Voice, Inc.*, 417 F. Supp. 235, 237 (S.D.N.Y. 1976) (the court has a "special responsibility here to determine if there exists [ ] a genuine dispute because the danger that speech may be chilled by the mere fact of the litigation.").

**B.     Plaintiff's Claim Must Fail Because Any Use Of Plaintiff's Image Is Incidental And Therefore Not Actionable**

Because Plaintiff is depicted in the Film for approximately one second in a full-length motion picture, any use of Plaintiff's image is incidental, and therefore cannot be actionable pursuant to Section 51.

New York Civil Rights Law § 51 provides that "Any person whose name, portrait, picture or voice is used within this state for advertising purposes or for the purposes of trade" without the written consent of the plaintiff can bring an action to enjoin such use and obtain civil damages. N.Y. Civ. Rights Law § 51. In order to state a claim under Section 51, a plaintiff must establish three elements: (1) defendants used his name, portrait, picture or voice within the state of New York; (2) for purposes of trade or advertising; (3) without his written consent. *Finger v. Omni Publ'ns Int'l*, 77 N.Y.2d 138, 141, 564 N.Y.S.2d 1014, 1016 (1990).[6] Section 51, which is the only privacy cause of action under the law of the State of New York, is to be "narrowly construed" and "'strictly limited to nonconsensual commercial appropriations of the name,

---

[6] N.Y. Civ. Rights Law § 50 is not applicable here because that provision makes it a misdemeanor to use "for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent…." N.Y. Civ. Rights Law § 50.

6

portrait or picture of a living person.'" *Messenger v. Gruner + Jahr Printing and Publ'g*, 94 N.Y.2d 436, 441, 706 N.Y.S.2d 52, 55 (2000) (citations omitted). *See Howell v. New York Post Co.*, 81 N.Y.2d 115, 123, 596 N.Y.S.2d 350, 354 (1993); *see also Hurwitz v. United States*, 884 F.2d 684, 685 (2d Cir. 1989) ("New York's highest court has consistently reminded litigants that no so-called common law right of privacy exists in New York"), *cert. denied*, 493 U.S. 1056 (1990).

It has long been determined that "Liability under section 51 is limited [ ] by the doctrine of incidental use, under which merely incidental or isolated uses of a name, picture, or portrait are not actionable." *Preston v. Martin Bregman Prods., Inc.*, 765 F. Supp. 116, 118-19 (S.D.N.Y. 1991). Use that is merely "fleeting and incidental" is not actionable under Section 51. *See id.*; *University of Notre Dame Du Lac v. Twentieth Century Fox Film Corp.*, 22 A.D.2d 452, 454, 256 N.Y.S.2d 301, 304 (1st Dep't 1965).

Courts are clear on the inability of an incidental use to impose liability: "The incidental use of a person's name or photograph, whether in the context of a documentary or even a fictional story, falls outside the right to privacy created by Sections 50 and 51." *Marquette v. Warner Brothers Inc.*, 16 Med. L. Rptr. 1957, 1958 (Sup. Ct. N.Y. Co. July 6, 1989) (granting defendant's motion to dismiss claim) (A true and correct copy of the decision is annexed to this Memorandum of Law as Exhibit 1). Where a court has determined that a use is incidental, a Section 51 claim cannot stand. *See Preston*, 765 F. Supp. at 119 ("Where the use is incidental, the courts have stated not merely that particular relief is unavailable, but that it is not actionable at all"). Such a conclusion follows naturally from the purpose of the doctrine, which was "developed to address concerns that penalizing every unauthorized use, no matter how insignificant or fleeting, of a person's name or likeness would impose undue burdens on

expressive activity, and carry consequences which were not intended by those who enacted the statute." *Id.* at 120. *See also Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1326 (S.D.N.Y. 1997) (noting that incidental use doctrine exists in part "because of the danger of 'impos[ing] an uncalled-for burden and hazard' on publishers") (citation omitted).

In the context of a motion picture, courts generally have determined that footage depicting an individual on screen for mere seconds is insufficient to sustain a Section 51 claim. For example, in *Preston v. Martin Bregman Prods., Inc.*, the plaintiff complained that a full-length motion picture had shown her full face and entire body on a New York City street for approximately 9 seconds, including 4 ½ seconds in which her face was clearly visible. 765 F. Supp. at 119. The court determined that her appearance contributed "nothing of significance to the movie's story line" other than its incidental role in setting up "the atmosphere for the crime and police material that follows." *Id.* As a result, the court held that the use was incidental and dismissed plaintiff's claim under Section 51. *Id.* The court in *Man v. Warner Bros. Inc.*, 317 F. Supp. 50 (S.D.N.Y. 1970), found that the use in a motion picture of as much as a 45-second musical performance by plaintiff at Woodstock was incidental and *de minimis* and therefore not actionable under Section 51. *Id.* at 52. *See also Delan v. CBS, Inc.*, 91 A.D.2d 255, 256, 458 N.Y.S.2d 608, 611 (2d Dep't 1983) (determining that plaintiff's 4-second appearance in one-hour television documentary with occasional commercial interruptions was "too fleeting and incidental to be actionable", and noting that plaintiff's role was "very minor to the central theme of the documentary"); *Marquette*, 16 Med. L. Rptr. at 1957, 1958 (inclusion of plaintiff—played by actor—in three seconds of full length movie was incidental and not actionable under Section 51).

Numerous additional cases involving the use of a plaintiff's name or likeness in a book,

8

television segment or movie have similarly been deemed too incidental to be actionable. *See, e.g.*, *Shaw v. Rizzoli Int'l Publ'ns, Inc.*, No. 96 CIV. 4259 JGK, 1999 WL 160084, at *7 (S.D.N.Y. Mar. 23, 1999) (holding that use of two photographs depicting plaintiffs with Marilyn Monroe in a 300+ page book containing over 300 photographs "constitutes a de minimis invasion of the plaintiffs' rights that is not actionable" under Section 51); *D'Andrea v. Rafla-Demetrious*, 972 F. Supp. 154, 156, 157 (E.D.N.Y. 1997) (use of plaintiff's half-page photograph published in 16-page brochure discussing hospital's medical internships considered incidental use), *aff'd*, 146 F.3d 63 (2d Cir. 1998); *Ladany v. William Morrow & Co.*, 465 F. Supp. 870, 882-83 (S.D.N.Y. 1978) (holding that reference on 13 pages of 458-page book to plaintiff—one of 101 people mentioned—was incidental and isolated, and noting "It would distort the purpose of the legislature, and create unsettling precedent, to hold that this individual, one of one hundred referred to in a detailed narrative, and involved in only one limited aspect of the overall account, fell within the statute."); *Meeropol v. Nizer*, 381 F Supp. 29, 38 (S.D.N.Y. 1974) (references in 29 passages of book to plaintiffs as children of Julius and Ethel Rosenberg "are highly incidental to the main purpose and subject of the book"—the trial and subsequent execution of the Rosenbergs—and therefore not actionable), *aff'd on other grounds*, 560 F.2d 1061 (2d Cir. 1977); *Marks v. Elephant Walk, Inc.*, 156 A.D.2d 432, 433, 434, 548 N.Y.S.2d 549, 551, 552 (2d Dep't 1989) (granting motion to dismiss, finding that reference to plaintiff in *Women's Wear Daily* article incidental); *University of Notre Dame*, 22 A.D.2d at 454, 256 N.Y.S.2d at 304 (noting that "fleeting and incidental" references to plaintiff in book—on 3 of 143 pages—not sufficiently "offensive" to state claim under Section 51); *Stillman v. Paramount Pictures Corp.*, 2 A.D.2d 18, 19-20, 153 N.Y.S.2d 190, 191-92 (1st Dep't 1956) (granting motion to dismiss because inclusion of plaintiff's name/business, "Stillman's Gym", in motion picture not actionable as "incidental,

9

momentary and isolated" use of words); *Glickman v. Stern*, 19 Med. L. Rptr. 1769, 1775 (Sup. Ct. N.Y. Co. Oct. 15, 1991), *aff'd*, 188 A.D.2d 387, 592 N.Y.S.2d 581 (1st Dep't 1992) ("fleeting glimpse" of plaintiff in wedding picture shown during segment on Howard Stern show where plaintiff's wife "rubbed down" Stern was too incidental to form the basis for a cause of action) (A true and correct copy of the decision is annexed hereto as Exhibit 2); *De Gregorio v. CBS, Inc.*, 123 Misc. 2d 491, 493-94, 473 N.Y.S.2d 922, 924 (Sup. Ct. N.Y. Co. 1984) (five-second appearance of plaintiff in ten-minute news broadcast where plaintiff was not identified by name is incidental and therefore cannot constitute violation of § 51).

There is no case that more clearly demands the invocation of the incidental use doctrine than Plaintiff's Section 51 claim here. Plaintiff alleges that his approximate one-second appearance in a full-length motion picture constitutes a misappropriation of his likeness. Plaintiff's Section 51 claim here is far more attenuated than the plaintiff in *Man v. Warner Bros. Inc.*, who appeared on screen for a full 45 seconds, and even more attenuated than the unsuccessful plaintiff in *Preston v. Martin Bregman Prods., Inc.*, who appeared in a full-length motion picture for nine seconds. Further, Plaintiff here was one of hundreds of individuals who appear in the Film in some capacity. Plaintiff clearly does not play any central role in the plot or story line of the Film, but rather is included—like the plaintiff in *Preston*—merely to set the scene in the subway car. Indeed, Plaintiff is one of many people on a crowded subway car who are filmed in a public place reacting to Borat's antics. This scene, like numerous others in the Film, is meant to reveal Americans' varied reactions to the crude and atypical behavior of a foreign traveler named Borat. Plaintiff—in addition to being on camera for approximately one second—is not identified by name, does not speak, and does not personally interact with Borat in

10

any way.  In short, Plaintiff's extremely limited appearance in the Film is the very definition of an incidental use, and therefore cannot form the basis of a Section 51 claim.[7]

## CONCLUSION

For all of the foregoing reasons, defendant Twentieth Century Fox Film Corporation respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice, and grant such other and further relief, together with costs, as this Court deems appropriate.

Dated: October 12, 2007

Respectfully submitted,

HOGAN & HARTSON LLP

By: s/ Slade R. Metcalf
Slade R. Metcalf  (SM 8360)
Jason P. Conti (JC 0581)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Tel.  (212) 918-3000
Fac.  (212) 918-3100
*Attorneys for Defendant Twentieth Century
  Fox Film Corporation*

---

[7] The incidental use doctrine is clearly applicable in this case.  There is an entirely separate basis upon which to dismiss Plaintiff's claim: the Film is newsworthy, and Plaintiff's image bears a real relationship to the theme of the Film.  *See Messenger*, 94 N.Y.2d at 441, 706 N.Y.S.2d at 55.  However, the Court need only focus for this motion on the incidental use doctrine.

11